**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **OLUBUSOLA PETERS,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-11616 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Olubusola Peters, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Nigeria. (*Id.* ¶ 2). She lawfully entered the United States on a nonimmigrant vias on or about December 24, 2022. (*Id.* ¶ 2). The visa expired on June 23, 2023. (ECF No. 6 at 1).

3. Petitioner was detained by ICE on August 27, 2026. (ECF No. 1 ¶ 30).

4. This Petition followed on September 9, 2026, arguing that Petitioner was arrested and detained without a warrant. (*Id.* ¶¶ 62-70).

5. Respondents filed an answer on September 14, 2026, stating that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a) and had a bond hearing on September 11, 2026. (ECF No. 6-3 at 2). The immigration judge set bond at $15,000. (*Id.*)

6. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when she filed the Petition, and she asserts that her continued detention violates due process. Therefore, this Court has habeas jurisdiction over her claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

8. Petitioner argues Respondents violated 8 U.S.C. § 1226 by failing to obtain a warrant prior to her arrest. (ECF No. 1 ¶ 62).

9. A warrant was issued for Petitioner's arrest on August 27, 2026. (ECF No. 6-2 at 2). It is unclear whether it was issued prior to her arrest, but this Court concludes that is irrelevant now because "[f]ollowing the signing of the warrant for arrest, Petitioner's detention has been pursuant to the warrant, and [s]he is currently in custody pursuant to § 1226(a)." *Cocha Cocha v. Tsoukaris*, No. 26-cv-9857, 2026 WL 2806733, at *2 (D.N.J. Sept. 18, 2026); *see also See Par v. Jamison*, No. 26-cv-3504, 2026 WL 1603299 at * 3-4 (E.D. Pa. June 4, 2026) (denying petitioner's challenge to a warrantless arrest, when Petitioner was subsequently lawfully detained under 8 U.S.C. § 1231); *Fernando C.C. v. Bondi*, No. 26-cv-1235, 2026 WL 446408 at * 5 (D. Minn. Feb. 17, 2026) (finding because a warrant was issued within hours of petitioner's arrest, that warrant "authorized [petitioner's] continued detention pursuant to the discretionary detention framework of Section 1226(a)").

10. This Court finds Petitioner is not entitled to release based on the alleged warrantless arrest.

11. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

12. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

13. Petitioner had a hearing on September 11, 2026 and was granted bond. (ECF No. 6-3 at 2). Petitioner has received the process to which she was entitled.

14. Accordingly, the Petition will be dismissed without prejudice.

15. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: September 21, 2026